UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALICIA VILLEGAS, *et al.*,

        Plaintiffs,

v.

JORGE'S RESTAURANT CORP. (D/B/A JORGE'S RESTAURANT), *et al.*,

        Defendants.

**MEMORANDUM & ORDER**
23-CV-01492 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiffs Alicia Villegas, Dayna Osorno, and Janice Osorno Pichardo, bring this action against Defendants Jorge's Restaurant Corp., (doing business as Jorge's Restaurant), El Nuevo Jorge's Restaurant Corp., (doing business as Jorge's Restaurant), Cabanas Jorge Restaurant Corp., (doing business as Cabana Jorge), Maria Baez, and Agustin Baez.  ECF No. 46 (Second Amended Complaint).  Plaintiffs assert claims for unpaid minimum wages and unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and for unpaid minimum wages and unpaid overtime wages under the New York Labor Law ("NYLL").  *Id.* ¶¶ 147–166. Plaintiffs have also alleged that Defendants violated the NYLL by failing to provide accurate wage statements to Plaintiffs.  *Id.* ¶¶ 167–178.  Plaintiffs further allege that Defendants unlawfully reduced their wages under the FLSA and the NYLL by failing to reimburse Plaintiffs for equipment costs, misappropriating tips that Plaintiffs received from customers, and Plaintiff Villegas specifically alleges that her wages were deducted when "customers walked out without paying."  *Id.* ¶¶ 179–192.

    Plaintiffs and Defendants have submitted a proposed settlement of Plaintiffs' claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d

199 (2d Cir. 2015), along with a letter explaining their views on the fairness of the settlement. *See* ECF No. 55 (*Cheeks* Motion). As explained in more detail herein, the Court (a) approves the settlement agreement granting Plaintiffs $65,000.00 and (b) awards attorney's fees and expenses in the amount of $22,722.67.

## LEGAL STANDARD

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1] "When presented with a settlement for approval, a district court's options are to[:] (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

> defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). With respect to attorney's fees, the fees collected by the plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement. *Fisher*, 948 F.3d at 602–03 (vacating district court order that limited the attorney's fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorney's fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

## **DISCUSSION**

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny. The total settlement amount is $65,000.00, with a larger portion to be recovered by Plaintiff Janice Osorno Pichardo. ECF No. 55 at 2. According to the parties' joint letter, Plaintiffs' maximum possible recovery would have been $256,771.41. *Id.* Plaintiffs' ultimate recovery therefore represents approximately 25.3% of their estimated maximum recovery for the same claims, an amount that the Court finds reasonably discounts for the possibility that Plaintiffs might have been unable to prove on summary judgment or at trial the full number of hours that they alleged they worked. *Id.* The amount of recovery is also in line with recovery amounts in other FLSA cases in this Circuit where courts have approved settlement terms. *See, e.g.*, *Zavala Artiega v. Griffin Organics, Inc.*, No. 16-cv-6613, 2021 WL 1997636, at *3 (S.D.N.Y. May 19, 2021) (finding settlement amount reflecting 27.7% of the total amount of recovery reasonable); *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992, 2021 WL

3

431451, at *1 (S.D.N.Y. Feb. 8, 2021) (finding settlement amount reflecting 18% of total alleged damages reasonable and within the range routinely awarded). The Court also finds it reasonable that Plaintiff Janice Osorno Pichardo recover a larger portion of the settlement amount as her total potential individual recovery represented 67.46% of Plaintiffs' total maximum possible recovery. ECF No. 55-3 at 1 (Plaintiffs' Damages Calculation).

Moreover, the parties reached this settlement through an arm's-length negotiation represented by experienced counsel. ECF No. 55 at 3. The release that Plaintiffs are giving to Defendants is not overly broad because it is limited to "wage and hour allegations." ECF No. 55-1 ¶ 2 (Settlement Agreement and Release). The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiffs' ability to work in the future. *Id.* at 1–9.

With respect to attorney's fees, Plaintiffs' attorneys seek an award of fees in the amount of $22,722.67, which includes $492.00 in expenses associated with litigating the case. ECF No. 55 at 2; ECF No. 55-2 at 3 (Plaintiffs' Counsel's Billing Record). Plaintiffs' counsel is seeking a fee that is 35% of the settlement. Although attorney's fees need not be limited to 33% of the settlement, *see Fisher*, 948 F.3d at 602–03, courts in this Circuit routinely approve settlements that provide attorneys one-third of the settlement fund in FLSA cases. *Escobar v. Variedades Belen Corp.*, No. 23-cv-04849, 2024 WL 1259367, at *5 (E.D.N.Y. Mar. 25, 2024) (collecting cases approving attorney's fees amounting to one-third of the FLSA settlement). The Court finds that the fees proposed to be collected by Plaintiffs' attorneys are reasonable as they leave Plaintiffs with a meaningful recovery. Consequently, the Court finds the fees reasonable under the percentage method.

The proposed attorney's fees are also reasonable under the lodestar cross-check. Plaintiffs' counsel proposes an hourly rate of $350 for counsel Catalina Sojo, an hourly rate of $325 for Mary Bianco, and an hourly rate of $125 for paralegals. ECF No. 55 at 3. Plaintiffs' lodestar amount is $9,275.00, multiplying the hourly rates with the total number of hours spent on this case. ECF No. 55-2. The lodestar multiplier in this case is therefore 2.4. Given that courts "regularly award lodestar multipliers from two to six times lodestar," *Escobar*, 2024 WL 1259367, at *6, the Court finds the $22,722.67 fee reasonable under a lodestar cross-check.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve their proposed settlement of Plaintiffs' claims, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 55.

SO ORDERED.

                                                       */s/ Hector Gonzalez*
                                                       HECTOR GONZALEZ
                                                       United States District Judge

Dated: Brooklyn, New York
       April 24, 2024